# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM OLDRIGHT, | 1:05-CV-00889 AWI LJO HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| A. P. KANE, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on October 17, 1991, of second degree murder in violation of Cal. Penal Code § 187. See Exhibit 1, Answer. Petitioner was sentenced to a term of 18 years to life in prison. See Exhibit 2, Answer.

On April 5, 2004, a parole suitability hearing was held by the California Board of Prison

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer, and Petitioner's traverse.

1

1 Terms ("BPT"). See Exhibit 2, Answer. Petitioner attended the hearing and was represented by
2 his attorney, Marcia Hurst. Id. At the conclusion of the hearing, the BPT denied parole and
3 deferred rehearing for one year.
4     Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court
5 challenging the BPT's decision. See Exhibit 6, Answer. In a reasoned decision, on October 27,
6 2004, the petition was denied. Id.
7     On December 21, 2004, Petitioner filed a petition for writ of habeas corpus in the
8 California Court of Appeals, Fifth Appellate District. See Exhibit 7, Answer. On March 8, 2005,
9 the petition was summarily denied. Id.
10     Petitioner then filed a petition for review in the California Supreme Court. See Exhibit 8,
11 Answer. The petition was summarily denied on May 18, 2005. Id.
12     On July 8, 2005, Petitioner filed the instant petition for writ of habeas corpus in this
13 Court. The petition for writ of habeas corpus does not challenge the underlying conviction;
14 rather, it challenges the April 5, 2004, decision of the California Board of Prison Terms to deny
15 parole. Petitioner contends the decision is not supported by the evidence. He further argues the
16 BPH's finding that Petitioner needed anger management and self-help programming is not
17 supported and contrary to the record. Finally, he claims the BPH's determination that Petitioner
18 is unsuitable because his version of the offense appears to minimize his culpability and shows he
19 is unwilling to accept responsibility is unsupported and violates his due process rights.
20     On December 7, 2006, Respondent filed an answer to the petition. Petitioner filed a
21 traverse to Respondent's answer on January 22, 2007.
22                              **DISCUSSION**
23 I.     Standard of Review
24     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
25 of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its
26 enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries
27 v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th
28 Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy,

1  521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).
2  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its
3  provisions.
4    Petitioner is in custody of the California Department of Corrections pursuant to a state
5  court judgment. Even though Petitioner is not challenging the underlying state court conviction,
6  28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the
7  threshold requirement of being in custody pursuant to a state court judgment. Sass v. California
8  Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370
9  F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a
10 state prisoner in custody pursuant to a state court judgment, even when the petition is not
11 challenging his underlying state court conviction.'").
12   The instant petition is reviewed under the provisions of the Antiterrorism and Effective
13 Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S.
14 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless
15 the adjudication of the claim "resulted in a decision that was contrary to, or involved an
16 unreasonable application of, clearly established Federal law, as determined by the Supreme Court
17 of the United States" or "resulted in a decision that was based on an unreasonable determination
18 of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.
19 § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.
20   As a threshold matter, this Court must "first decide what constitutes 'clearly established
21 Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
22 *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this
23 Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as
24 of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other
25 words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or
26 principles set forth by the Supreme Court at the time the state court renders its decision." Id.
27   Finally, this Court must consider whether the state court's decision was "contrary to, or
28 involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at

72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

II.   Subject Matter Jurisdiction/Liberty Interest in Parole

Previously in this case, the Court had recommended dismissal of the petition for lack of subject matter jurisdiction based on the District Court's opinion in Sass v. California Board of Prison Terms, 376 F.Supp.2d 976 (E.D. Cal. 2005). However, the Ninth Circuit ruled the District

4

1  Court erred by finding that the California Supreme Court's decision in In re Dannenberg, 34
2  Cal.4th 1061 (2005), held that section 3041(b) did not use mandatory language and therefore did
3  not give rise to a liberty interest. Sass, 416 F.3d at 1128. The Ninth Circuit found that prisoners
4  continues to have a protected liberty interest in parole, and therefore, the District Court has
5  subject matter jurisdiction. Accordingly, the Findings and Recommendation was withdrawn in
6  this case on August 22, 2006.

7  III.     Review of Claims

8        A parole release determination is not subject to all the due process protections of an
9  adversary proceeding. Pedro v. Oregon Parole Board, 825 F.2d 1396, 1398-99 (9th Cir. 1987); see
10 also Greenholtz, 442 U.S. at 12 (explaining that due process is flexible and calls for procedural
11 protections that particular situations demand). "[S]ince the setting of a minimum term is not part
12 of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not
13 constitutionally mandated, even when a protected liberty interest exists." Pedro, 825 F.2d at
14 1399; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987). At a state parole
15 board proceeding, the only process to which an inmate is entitled is: 1) the inmate must receive
16 advance written notice of a hearing, Pedro, 825 F.2d at 1399; 2) the inmate must be afforded an
17 "opportunity to be heard," Greenholtz, 442 U.S. at 16; 3) if the inmate is denied parole, the
18 inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision of the
19 Board must be supported by "some evidence" having an indicia of reliability, Superintendent,
20 Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th
21 Cir.1987).

22       "In Superintendent v. Hill, the Supreme Court held that 'revocation of good time does not
23 comport with 'the minimum requirements of procedural due process,' unless the findings of the
24 prison disciplinary board are supported by some evidence in the record.' 472 U.S. 445, 454
25 (1985), *quoting* Wolff v. McDonnell, 418 U.S. 539, 558 (1974)." Sass, 461 F.3d at 1128.  In
26 determining whether the "some evidence" standard is met, the Court need not examine the entire
27 record, independently assess the credibility of witnesses, or re-weigh the evidence. Id.  Rather,
28 the Court must determine whether there is any evidence in the record that could support the

conclusion of the disciplinary board.  Id., *citing* Superintendent v. Hill, at 455-56.  Although Hill involved the accumulation of good time credits, the same standard applies to parole, as both situations "directly affect the duration of the prison term."  Id., *citing* Jancsek v. Oregon Bd. of Parole, 833 F.2d at 1390.

With regard to the procedural protections outlined in Greenholtz, as Respondent submits, Petitioner was provided all that is required.  Petitioner was provided with advance notice of the hearing, representation by counsel at the hearing, an opportunity to submit materials for the Board's consideration, an opportunity for him and his attorney to be heard during the hearing, and a written decision explaining the reasons that parole was denied.  See Exhibit 2, Answer.

Petitioner, however, contends the BPT's decision was not supported by the evidence. Nevertheless, a review of Petitioner's parole hearing reveals that the BPT's decision is supported by some evidence.  Specifically, the BPT found that Petitioner's murder offense "was carried out in an especially cold-hearted and cruel manner . . . . [and] dispassionate manner."[2] See Exhibit 2, Answer. The BPT further found that the motive for the murder was inexplicable. Id. This conclusion was based on the facts that Petitioner and his step-son had an ongoing domestic dispute. Id.  As a result, there was a time and place set that they would meet and discuss their differences. Id.  Petitioner, however, armed himself with a .380 automatic revolver. Id. When he saw the victim at the meeting place, he immediately drew his weapon, charged the victim, shot and killed him. Id. He did this before making any effort to resolve the conflict peacefully or allowing his stepson the opportunity to protect himself. Id. Thus, there is some evidence supporting the BPT's determination.

---

[2] Pursuant to Title 15, of the California Code of Regulations, Section 2402(c) sets forth circumstances tending to demonstrate unsuitability for parole when the prisoner committed the offense in an especially heinous, atrocious or cruel manner.  The factors to be considered include:
(A) Multiple victims were attacked, injured or killed in the same or separate incidents.
(B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
(C) The victim was abused, defiled or mutilated during or after the offense.
(D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
(E) The motive for the crime is inexplicable or very trivial in relation to the offense.

15 Cal.Code Regs. § 2402(c)(1)(A)-(E).

      The BPT also stated an updated psychological analysis and report would be needed to determine if Petitioner posed a threat to society. <u>Id</u>. This was based in part on Petitioner's statements in his 2002 parole hearing and a 1999 serious disciplinary report received for conduct conducive to violent behavior. <u>Id</u>. The BPT noted that the 1999 incident showed Petitioner demonstrated a lack of anger control. <u>Id</u>. Therefore, there is some evidence supporting the BPT recommendation that Petitioner participate in more self-help and anger management programming. In addition, as stated by the superior court, lack of evidence as to whether petitioner has an understanding of the nature and magnitude of the offense is a proper factor on which to deny parole. 15 Cal.Code Regs. §§ 2042(b), 2281(d)(3), and 2402(d)(3). <u>See</u> Exhibit 6, Answer. Moreover, as Respondent submits, the Board was merely making a recommendation of something Petitioner should pursue, if available.

      In light of the above, it cannot be said that the state court resolution of Petitioner's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     The petition for writ of habeas corpus be DENIED; and
2.     Judgment be entered in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
2  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3  Cir. 1991).

    IT IS SO ORDERED.

    **Dated:**   **February 21, 2007**             **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE