# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM OLDRIGHT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. P. KANE, Warden,<br><br>　　　　　Respondent. | 1:05-CV-00889 AWI NEW (DLB) HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>[Doc. #18]<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br>[Doc. #1]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On February 21, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment for Respondent. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

　　　On March 19, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

In the objections, Petitioner contends, as he did in his petition, that there was insufficient evidence to support the Board of Prison Terms ("BPT")'s denial of parole.   As explained by the Magistrate Judge, due process require "some evidence" to support the parole board's decision finding Petitioner unsuitable for parole.  Biggs v. Terhune, 334 F.3d 910, 9115 (9th Cir. 2003); Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987).   The "some evidence" standard is minimal and only requires "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary."  Superintendent v. Hill, 472 U.S. 445, 457 (1985). Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability.  Biggs, 334 F.3d at 915; Jancsek, 833 F.3d at 1390.   "A relevant factor in this latter inquiry is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board."  Morales v. California Dept. of Corrections, 16 F.3d 1001, 1005 (9th Cir.1994), *overruled on other grounds,* 514 U.S. 499 (1995).

The record indicates, and Petitioner does not challenge, that Petitioner was given the opportunity to appear before the BPT, allowed to speak, and to provide evidence.   The nature and circumstances of Petitioner's crime provides some evidence for denying parole.   While Petitioner characterizes his crime as merely self-defense and chastises the BPT and Magistrate Judge for allegedly re-trying the case, the fact remains that Petitioner was found guilty of murder after a jury trial.   The BPT could properly deny Plaintiff parole based on Plaintiff's lack of remorse, continued minimization of his crime, and the cruel manner in which Plaintiff shot his stepson.

Petitioner cites Biggs v. Terhune for the proposition that continued reliance in the future on an unchanging factor – Petitioner's underlying crime – is not permitted by due process.   See Biggs, 334 F.3d at 916-17.   The court notes that the Ninth Circuit in Biggs found no due process violation when parole was denied solely on the nature of the crime.   Regardless, the BOP's decision here was not based solely on Petitioner's murder offense.   The BOP also focused on Petitioner's ability to

1  comprehend his crime.   The BOP's desire for a recent psychological analysis and report to
2  determine if Petitioner currently posed a threat to society also provides "some evidence" to deny
3  parole.  According, the court finds that the BOP's decision to deny parole was supported by some
4  evidence bearing some indicia of reliability. <u>See</u>, <u>e.g.</u>, <u>Rosas v. Nielsen</u>, 428 F.3d 1229, 1232-33 (9th
5  Cir. 2005) (upholding denial of parole based on gravity of offense and psychiatric reports); <u>Biggs</u>,
6  334 F.3d at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to
7  imprisonment); <u>Morales</u>; 16 F.3d at 1005 (affirming denial of parole based on criminal history, cruel
8  nature of offense, and need for further psychiatric treatment).
9          Accordingly, IT IS HEREBY ORDERED that:
10     1.     The Findings and Recommendation issued February 21, 2007, is ADOPTED IN
11            FULL;
12     2.     The Petition for Writ of Habeas Corpus is DENIED; and
13     3.     The Clerk of Court is DIRECTED to enter judgment in favor of Respondent.

15  IT IS SO ORDERED.
16  **Dated:   April 11, 2007**              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE